NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAUL A. REDD, JR., | ) | No. C 06-07566 JF (PR) |
| | ) | |
| Petitioner, | ) | ORDER GRANTING MOTION |
| | ) | TO DISMISS |
| vs. | ) | |
| | ) | |
| RICHARD KIRKLAND, Warden, | ) | |
| | ) | |
| Respondent. | ) | (Docket No. 5) |
| | ) | |

Petitioner, a California prisoner, filed a <u>pro se</u> petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of a prison disciplinary hearing which resulted in a guilty finding. Respondent has moved to dismiss the petition for failing to state a claim upon which relief may be granted. Petitioner filed an opposition, to which Respondent filed a reply.

## BACKGROUND

Petitioner is currently incarcerated at Pelican Bay State Prison. Petitioner challenges his 2005 prison disciplinary hearing resulting in a guilty finding for a mail violation with a security threat. Petitioner seeks relief in his request that the reports and

the guilty finding in his disciplinary hearing be expunged from all records, including from his 2005 parole suitability hearing. Petitioner filed a state habeas petition in the state superior court which was denied on June 26, 2006. Petitioner filed a habeas petition with the state appellate court which was denied on August 30, 2006.

Petitioner then filed a habeas petition in state supreme court which was denied on October 18, 2006. Petitioner filed the instant petition on December 11, 2006.

## DISCUSSION

A.   Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.   Legals Claims and Analysis

Petitioner challenged his prison disciplinary hearing resulting in a guilty finding for a mail violation with a security threat. As grounds for federal habeas relief, Petitioner alleged six claims that his due process rights were violated pursuant to Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Liberally construed, Petitioner's allegations were sufficient to require a response, and the Court ordered Respondent to show cause why the petition should not be granted.

In lieu of an answer, Respondent filed a motion to dismiss the petition for failure to state a claim upon which relief may be granted. Respondent claims that although Petitioner was found guilty of violating prison mail procedures, he did not lose any credits because the hearing was untimely under California Code of Regulations, title 15, section 3320. (Resp't Mot. at 2) (Docket No. 5). Respondent contends that Petitioner has

failed to offer evidence to indicate that the disciplinary hearing at issue affects the fact or duration of his confinement such that habeas relief, *i.e.*, reversal of the guilty finding, would shorten the length of his confinement, and therefore, Petitioner has failed to state a claim on which relief may be granted. (Id. at 3.)

In his opposition to the motion, Petitioner does not deny that he did not lose any credits as a result of the guilty finding. Rather, Petitioner claims for the first time that the guilty finding from the disciplinary hearing impacted the duration of his sentence because it was part of the reason why the Board of Parole Terms ("BPT") found Petitioner unsuitable for parole during his September 2005 parole suitability hearing, which resulted in a three year denial of parole. (Pet'r's Oppo. at 2) (Docket No. 6). Petitioner claims that if the guilty finding was reversed, it would entitle him to an expungement of the matter from his prison records, including from BPT records and transcripts, and would entitle Petitioner to a new parole suitability hearing. (Id. at 3.) Respondent counters in that Petitioner has failed to provide any evidence to support his claim that but for the disciplinary violation, the BPT would have granted parole. (Resp't Reply at 2) (Docket No. 7).

The Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003); see also United States v. Kramer, 195 F. 3d 1129 (9th Cir. 1999) (§ 2255 cannot be used to challenge a restitution order). According to the Director's Level Appeal Decision on the matter, the guilty finding from the disciplinary hearing at issue did not result in a forfeiture of credits: "Procedural guidelines were not met in that time constraints were violated. Therefore, no forfeiture of credits was assessed in disposition of the RVR [Rule Violation Report]." (Pet. Ex. E.) Habeas relief, if warranted, would only entail a reversal of the guilty finding and a new hearing. Since there was no credit forfeiture, there would be no restoration of credits to necessarily shorten Petitioner's duration of confinement. See Raditch v. United States, 929 F.2d 478, 481 (9th Cir. 1991). Neither

1   would a new hearing necessarily shorten Petitioner's sentence because a new hearing that
2   meets constitutional mandates may still result in a guilty finding.  Because success or
3   failure on Petitioner's claim will not affect the length of his sentence, this claim cannot be
4   brought in a habeas case.
5          Petitioner's claim that the guilty finding from the disciplinary hearing at issue
6   resulted in the denial of parole and thereby affected the duration of his confinement does
7   not change this result.  Where an inmate challenges the constitutional validity of the state
8   procedures used to deny parole eligibility or parole suitability, but seeks injunctive relief
9   in the form of an earlier eligibility review or parole hearing rather than earlier release, the
10  claim is cognizable under § 1983.  Wilkinson v. Dotson, 544 U.S. 74, 82 (2005).  In
11  Wilkinson, the Court held that prisoners' parole claims seeking a new parole hearing need
12  not be brought in habeas corpus because the relief sought would not necessarily
13  "invalidate the duration of their confinement–either *directly* through an injunction
14  compelling speedier release or *indirectly* through a judicial determination that necessarily
15  implies the unlawfulness of the State's custody."  Id. at 79 (finding that the exception to §
16  1983 coverage for claims at the core of habeas corpus relief in Preiser does not include
17  procedural challenges where relief under § 1983 was left available by the Court's
18  subsequent holding in Wolff v. McDonald, 418 U.S. 539, 554 (1974)).  See also Neal v.
19  Shimoda, 131 F.3d 818, 824 (9th Cir. 1997) (if prisoner wins and is entitled to parole
20  eligibility hearing, this does not guarantee parole or necessarily shorten his prison
21  sentence).  Petitioner claims that his previous parole denials were for one-year, but the
22  September 2005 parole hearing resulted in a three-year denial due to the guilty finding at
23  issue.  Nevertheless, Petitioner's success on this claim would only warrant a new parole
24  hearing which would not necessarily shorten his sentence because the BPT may still find
25  Petitioner unsuitable for parole.  See id.  Because success or failure on Petitioner's claim
26  will not affect the length of his sentence, this claim cannot be brought in a habeas case.
27         A challenge to prison disciplinary proceedings, as in Petitioner's case, can also be
28  viewed as a challenge to the circumstances of confinement which may be brought in a

civil rights complaint under 42 U.S.C. § 1983.  Although this Court could construe the petition as a civil rights complaint, doing so would require that Petitioner file a complaint rather than the present petition, because such a claim would involve different defendants and different relief.  He would also have to pay the $350 civil case filing fee, even if he were granted leave to proceed in forma pauperis, by way of deductions from his prisoner trust account.  See 28 U.S.C. § 1915(b).  Moreover, requests to expunge records are traditionally brought as civil rights claims.  See, e.g., Paul v. Davis, 424 U.S. 693, 711-714 (1976); Reyes v. Supervisor of DEA, et al., 834 F. 2d 1093, 1097 ( 1st Cir. 1987) (no due process claim for false information maintained by police department); Pruett v. Levi, 622 F.2d 256, 258 (6th Cir. 1980) (mere existence of inaccuracy in FBI criminals files does not state constitutional claim).  Finally, a civil rights claim would be subject to a requirement that he complete administrative exhaustion, which he may not have done.  In view of these considerations, the petition will be dismissed rather than construed as a civil rights complaint.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition (Docket No. 5) is GRANTED.

IT IS SO ORDERED.

DATED: 7/9/08

JEREMY FOGEL
United States District Judge